JAMES A. PULSIFER, and another,

*vs.*

W. ETIENNE D'ESTIMAUVILLE.

Androscoggin.    Opinion December 5, 1893.

*Sales.    Holmes Note.    Conditional Title.* ·

A person who sells a piano, taking therefor a Holmes note which reserves title in the piano to the seller until the note be paid, does not become deprived of his title to the piano because it turns out that the note, supposed by him to be genuine was either unauthorized by the signer or forged.

ON MOTION AND EXCEPTIONS.

Replevin of a piano by the assignees of Louis Roberge, insolvent debtor. The jury gave a verdict for the defendant.

The case appears in the opinion.

*J. A. Pulsifer, Savage and Oakes*, for plaintiffs.
*McGillicuddy and Morey*, for defendant.

SITTING:   PETERS, C. J.,   WALTON,   EMERY,   HASKELL,
WHITEHOUSE, JJ.

PETERS, C. J.    It was shown at the trial of this case that one
Laughton sold a piano to some member of the family of Louis
Roberge, taking therefor, and duly recording, the following
Holmes note :

"Lewiston, Me., April 11, 1888.
"$350.00.

"For Value Received, I promise to pay N. J. Laughton, or
order, the sum of Three Hundred and Fifty Dollars, payable
at his office in Lewiston, Maine, in installments, viz : Fifty
Dollars on the 12th day of April, 1888, and Fifteen Dollars on
the 12th day of each month thereafter, until the whole sum is
paid, with interest at six per cent.

"This note is given for one K. & B. Piano bargained and
delivered to me, and made by K. & B. Piano Co. Style C., No.
20490 and which it is agreed shall remain the property of the
said N. J. Laughton, until this note is paid in full.

Witness, Flora I. Laughton.              Louis Roberge.
No. 1032.                                By G. O. Roberge."

Roberge going into insolvency, the plaintiffs, his assignees,
supposing the piano to be his, took from Laughton to themselves
an assignment of Laughton's title to the piano and note, there
being a certain amount of the original sum payable which
remained due and unpaid ; and thereupon replevied the piano
from the defendant in whose possession it was found.    And the
plaintiffs produced some evidence tending to show ownership of
the piano, subject to the amount due thereon, in Roberge, whose
name is signed as maker of the note.

The contention of the defendant at the trial was that the piano
was not purchased by Roberge, but by his daughter, wife of the
defendant, and that the business was done by her and her brother,
the latter using his father's name without the father's knowledge

or consent; the excuse for such irregularity being that the daughter was a minor and not capable of contracting in such form herself. There was evidence supporting these allegations, and also tending to show that she had paid from her own earnings and money the sums already indorsed on the note. These facts, however, were not disclosed to Laughton, and he supposed that the sale was to Louis Roberge and that the note was authorized by him.

The plaintiffs contended at the trial that, even if not entitled to complete ownership in the piano, as assignees of Roberge, they were entitled to the possession of it under their title from Laughton until the note is fully paid; and that they could maintain this action of replevin therefor, even if the note was not authorized by Roberge, and whether the real transaction was between the father and Laughton or not, as long as Laughton did not know that he was not dealing with him. And the plaintiffs asked from the judge presiding an instruction substantially to that effect, which the judge declined to give.

We think the requested instruction should have been given. No title was to pass until that particular note should be paid. If the note had been valid there would be no question about it, and it would be strange if the seller is to be worse off because an unauthorized or forged note is imposed upon him. The fraudulent vendees are estopped from setting up as a defense the invalidity of the note.

*Exceptions sustained.*